UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No.: 1:16-cr-64 |
| v. | Hon. Susan J. Dlott (U.S.D.J.) |
| MARUYASU INDUSTRIES CO., LTD., *et al.*, | Hon. Karen L. Litkovitz (U.S.M.J.) |
| *Defendants.* | |

## ORDER TO SEAL

This matter comes before the Court upon the Motion of Defendants Maruyasu Industries Co., Ltd. and Curtis-Maruyasu America, Inc. for Leave to File Under Seal their Motion to Suppress and Preclude Witnesses and Any Evidence Obtained From Violations of Rule 6(e) and to Enjoin Future Violations. (Doc. 181.)

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) requires that a party seeking to seal materials provide specific, compelling information so that the court may make the independent finding as to "why the interests in support of non-disclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* at 306 (citations omitted).

The Court has reviewed the parties' proposed redactions of those documents and, for the reasons discussed herein, believes the limited sealing of specific information within those documents is consistent with *Shane Group*.

### The Interests in Non-Disclosure Are Compelling

All of the proposed redactions involve names or other identifying information of individuals that have not been publicly identified. Some of these names belong to employees of companies identified as potential victims of the alleged conspiracy. Sealing the names and other identifying information of individuals who have not been publicly identified in connection with this matter safeguards their privacy interests and protects them from possible harassment or intimidation.

### The Public Does Not Have a Strong Interest in Disclosure

While the privacy interests of unidentified individuals, including individuals employed by companies identified as potential victims of the alleged conspiracy, present a compelling reason for redacting the requested information, the public's countervailing interest in disclosure of that information is relatively weak. Though the identity of specific individuals is redacted, the public will still have access to all other details. The redactions do not detract from the public's ability to understand and appreciate the "conduct giving rise to the case." *Shane Group*, 825 F.3d at 305. In short, the public does not have a strong interest in learning the redacted information.

### The Sealing Is No Broader than Necessary

Unlike the parties in *Shane Group*, the parties do not seek to seal entire motions or entire exhibits. The proposed redactions affect limited and specific portions of pleadings, often only a person's name or a few words. The limited and specific redactions will allow the remainder of the judicial record to remain open and publicly available.

Therefore, because the limited redactions of specific information identified by the parties

is consistent with *Shane Group*, **IT IS ORDERED** that those documents shall be filed with the redactions marked as provided to the Court.

DATED this 13th day of December, 2017

_____
THE HONORABLE SUSAN J. DLOTT
UNITED STATES DISTRICT COURT JUDGE