UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.   1:16-CR-64 |
| v. | ) | |
| | ) | Violation:      15 U.S.C. § 1 |
| MARUYASU INDUSTRIES CO., LTD. | ) | |
| | ) | Hon. Susan J. Dlott (U.S.D.J.) |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

The United States and Maruyasu Industries Co., Ltd. ("Defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.      Defendant understands its rights:

(a)      to be represented by an attorney;

(b)      as a corporation organized and existing under the laws of Japan, to contest (i) the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Southern District of Ohio or (ii) the propriety of venue in that forum;

(c)      to plead not guilty to any criminal charge brought against it;

(d)      to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(e)      to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)      to appeal its conviction if it is found guilty; and

(g)      to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.      Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above for purposes of this Plea Agreement only.  Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c).  Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

3.      On June 15, 2016, a grand jury returned a one-count Indictment against Maruyasu. The Indictment (ECF No.1) charges Defendant with participating in a conspiracy to suppress and eliminate competition by agreeing to fix prices, allocate customers, and rig bids for automotive steel tubes sold to automobile manufacturers in Japan and incorporated into vehicles sold in the United States in violation of the Sherman Act, 15 U.S.C. § 1.  Defendant will plead guilty to that one-count violation of the Sherman Act, not on the basis of the facts alleged in the Indictment in full, but, pursuant to the terms of this Plea Agreement, on the basis of the factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11(b)(3), as set forth in Paragraph 4 below.

2

## FACTUAL BASIS FOR OFFENSE CHARGED

4.      For purposes of this Plea Agreement, the "relevant period" is that period from December 2003 through December 2008. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)      During the relevant period, Defendant was a corporation organized and existing under the laws of Japan with its headquarters in Aichi Prefecture in Japan and employed more than 1,000 individuals. During the relevant period, Defendant manufactured automotive steel tubes in Japan and sold automotive steel tubes to customers in Japan. During the relevant period, Defendant did not manufacture or sell automotive steel tubes in the United States.

(b)      Automotive steel tubes are used in fuel distribution, braking, and other automotive systems and are sometimes divided into two categories – chassis tubes and engine parts. Chassis tubes, such as brake and fuel tubes, tend to be located in the body of a vehicle, while engine parts are associated with the function of a vehicle's engine.

(c)      During the relevant period, Defendant, through its employees and high level personnel, participated in a conspiracy with other Japanese companies and persons involved in the manufacture and sale of automotive steel tubes, the primary purpose of which was to suppress and eliminate competition in the automotive steel tubes industry by agreeing to rig bids for certain steel tube engine parts sold to Nissan Motor Co., Ltd. in Japan.

(d)      In furtherance of the conspiracy, Defendant, through its employees and high level personnel, engaged in discussions in Japan and attended meetings in Japan with other Japanese companies and persons involved in the manufacture and sale of automotive steel tubes. During such discussions and meetings, Defendant and its co-conspirators agreed to

3

rig bids quoted to Nissan Motor Co., Ltd. for steel tube engine parts sold to Nissan Motor Co., Ltd. in Japan.

(e)     Defendant's conduct in furtherance of the conspiracy affected steel tubes sold to Nissan Motor Co., Ltd. in Japan for export to the United States and installation in vehicles and engines manufactured and sold in the United States, and for installation in vehicles and engines manufactured in Japan for export to and sale in the United States.

(f)     During the relevant period, sales of steel tube engine parts in Japan affecting customers in the United States totaled approximately $18.78 million.

(g)     During the relevant period, automotive steel tubes sold by Defendant or one or more of the conspirator companies, and equipment and supplies necessary to the manufacture and sale of automotive steel tubes, as well as payments for automotive steel tubes, traveled in interstate and import trade and commerce. The business activities of Defendant and its co-conspirators in connection with the manufacture and sale of automotive steel tubes that were the subject of this conspiracy were within the flow of, and substantially affected, interstate and import trade and commerce.

## ELEMENTS OF THE OFFENSE

5.     The elements of the charged offense are that:

(a)     the conspiracy described in Paragraph 4 existed during the relevant period;

(b)     Defendant knowingly became a member of the conspiracy; and

(c)     the conspiracy either substantially affected interstate or import commerce in goods or services or occurred within the flow of interstate or import trade and commerce in goods and services.

4

## POSSIBLE MAXIMUM SENTENCE

6.      Defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

   (a) $100 million (15 U.S.C. § 1);

   (b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

   (c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.      In addition, Defendant understands that:

   (a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

   (b) pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

   (c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order Defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.      Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines in effect on the date of sentencing unless those Guidelines provide for greater punishment than the Guidelines in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines in effect on the last date that the offense of conviction was committed.

5

The parties agree there is no ex post facto issue under the November 1, 2016 Guidelines. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. § 1B1.8, the United States agrees that any self-incriminating information that Defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to Defendant or in determining Defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

## SENTENCING AGREEMENT

9.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of Defendant and its related entities, as defined in Paragraph 12 of this Plea Agreement, the United States and Defendant agree that the appropriate disposition of this case is, and the United States and Defendant agree to recommend jointly that the Court impose, a sentence requiring Defendant to pay to the United States a criminal fine of $12.0 million payable in full before the thirtieth (30th) day after the date of judgment and no order of restitution ("the recommended sentence"). The United States and Defendant agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The United States and Defendant agree not to seek any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in

6

this Plea Agreement. The United States and Defendant further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

    (a)    The United States and Defendant agree and recommend that the Court, in determining the Guidelines fine range for a corporate defendant for violation of 15 U.S.C. § 1, apply the Chapter 8 - Sentencing of Organizations guidelines, and the applicable offense guideline, §2R1.1 - Antitrust Offenses, as follows:

    (i)    Pursuant to §8C2.4(b) and §2R1.1(d)(l) the base fine is $3.757 million, which is 20% of $18.78 million, the volume of affected commerce.

    (ii)    Defendant's base culpability score is 5 (§8C2.5(a)). The culpability score is increased by 4 points because Defendant had more than 1,000 employees and high level personnel participated in the conspiracy (§8C2.5(b)(2)). The culpability score is then decreased by 1 point in recognition of Defendant's acceptance of responsibility (§8C2.5(g)). Defendant's final culpability score is thus 8.

    (iii)    Based on a culpability score of 8, the minimum and maximum multipliers are 1.60 - 3.20 (§8C2.6).

    (iv)    The Guidelines fine range is $6.011 million – $12.022 million (§8C2.7).

    (b)    Defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

    (c)    Pursuant to 18 U.S.C. § 3663, restitution is not mandatory for a violation of 15 U.S.C. § 1, and in light of the availability of civil causes of action, 15 U.S.C. § 15, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Indictment.

7

(d)     Both parties will recommend that no term of probation be imposed, but Defendant understands that the Court's denial of this request will not void this Plea Agreement.

(e)     The United States and Defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and Defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 10, will provide sufficient information concerning Defendant, the crime charged in this case, and Defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and Defendant agree to request jointly that the Court accept Defendant's guilty plea based upon the record provided by Defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The Court's denial of any request to impose sentence on an expedited schedule will not void this Plea Agreement.

10.     Subject to the full, truthful, and continuing cooperation of Defendant and its related entities, as defined in Paragraph 12 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of Defendant's and its related entities' cooperation and their commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to Defendant's involvement in the charged offense, and all other relevant conduct.

11.     The United States and Defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

8

(a)     If the Court does not accept the recommended sentence or if the Court does not grant the motion by the United States to dismiss the Indictment as to certain defendants (as described in Paragraph 16(h)), the United States and Defendant agree that this Plea Agreement, except for Paragraph 11(b) below, will be rendered void.

(b)     If the Court does not accept the recommended sentence or if the Court does not grant the motion by the United States to dismiss the Indictment as to certain defendants (as described in Paragraph 16(h)), Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If Defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the United States will not be admissible against Defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410(b). If Defendant withdraws its plea of guilty, any admissions herein, such as those in Paragraph 4, are withdrawn and void.

## DEFENDANT'S COOPERATION

12.     Defendant and its related entities (for the purposes of this Plea Agreement, Defendant's "related entities" are entities in which Defendant directly or indirectly had a greater than 50% ownership interest as of the date of the signature of this Plea Agreement, including, but not limited to, Curtis-Maruyasu America, Inc.) will cooperate fully and truthfully with the United States in the continued prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture and sale of automotive steel tubes that is described in Paragraph 4, above, and any litigation or other proceedings arising or resulting from such investigation to which the United States is a party (collectively "Federal

9

Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding: Satoru Murai's involvement in the conduct charged in the Indictment; or obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. Defendant's obligation to cooperate fully and truthfully in accordance with the terms of this paragraph shall begin the day the Court imposes sentence and Curtis-Maruyasu America, Inc.'s obligation to cooperate fully and truthfully in accordance with the terms of this paragraph shall begin the day the Indictment is dismissed as to it. The full, truthful, and continuing cooperation of Defendant and its related entities will include, but not be limited to:

(a) producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of Defendant or any of its related entities that are requested by the United States in connection with any Federal Proceeding, including translations into English of all such documents, information, or materials; and

(b) using its best efforts to secure the full, truthful, and continuing cooperation, as defined in Paragraph 13 of this Plea Agreement, of any current or former directors, officers, and employees of Defendant or any of its related entities as may be requested by the United States other than Satoru Murai, including making such persons available in the United States and at other mutually agreed-upon locations, at Defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

13.     The full, truthful, and continuing cooperation of each person described in Paragraph 12(b) above will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, including translations into English, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations at Defendant's expense upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, et seq.), or conspiracy to commit such offenses;

(d)     otherwise providing the United States with any material or information requested beyond that provided for in (a)-(c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C.

11

§ 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for the Relevant Offense, as defined in Paragraph 15, will be tolled as to him or her for the period between the date of signature of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

14.     Defendant's obligation to cooperate fully and truthfully with the United States in any Federal Proceeding, as described in Paragraph 12, shall include the full, truthful, and continuing cooperation of Tadao Hirade, Kazunori Kobayashi, and Yoshihiro Shigematsu beginning the day the Indictment is dismissed as to them.  The cooperation obligations described in Paragraph 13 also shall apply to all current and former directors, officers, and employees of Curtis-Maruyasu America, Inc., beginning the day the Indictment is dismissed as to Curtis-Maruyasu America, Inc.

<u>**UNITED STATES' AGREEMENT**</u>

15.     Subject to the full, truthful, and continuing cooperation of Defendant and its related entities, as such cooperation is defined in this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against Defendant or any of its related entities (including Curtis-Maruyasu America, Inc.) for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of any

12

antitrust conspiracy involving the manufacture or sale of automotive steel tubes ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

16.     The United States also agrees to the following:

(a)     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States agrees that it will not bring criminal charges against any current or former director, officer, or employee of Defendant, or of its related entities (including Curtis-Maruyasu America, Inc.), including Tadao Hirade, Kazunori Kobayashi, and Yoshihiro Shigematsu, for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer, or employee of Defendant or its related entities that was undertaken in furtherance of the Relevant Offense, except that the protections granted in this paragraph do not apply to Satoru Murai;

(b)     Should the United States determine that any current director, officer, or employee of Defendant or its related entities, or any former director, officer, or employee of Defendant or its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to undersigned counsel for Defendant (with a

13

copy to counsel for the individual if the individual is known by the United States to be represented by separate counsel);

(c)     If any person requested to provide cooperation under Paragraph 16(b) fails to comply fully with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge including, but not limited to, the Relevant Offense;

(d)     Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to the Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18

14

U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence;

      (g)     Documents provided under Paragraphs 12(a) and 13(a) will be deemed responsive to outstanding grand jury subpoenas issued to Defendant or any of its related entities; and

      (h)     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement under Rule 11(c)(4) of the Federal Rules of Criminal Procedure, the United States will make a motion, oral or otherwise, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure for leave to dismiss the Indictment as to Curtis-Maruyasu America, Inc., Tadao Hirade, Kazunori Kobayashi, and Yoshihiro Shigematsu, and request that the Court grant the motion simultaneously with its imposition of the recommended sentence. As set forth in Paragraph 11(b), if the Court does not accept the recommended sentence or if the Court does not grant the motion by the United States to dismiss the Indictment as to certain defendants (as described in this Paragraph), Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).

17.     The United States agrees that when any person other than Satoru Murai travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon the Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making

a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

18.     Defendant understands that it may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of Defendant as a matter for that agency to consider before determining what action, if any, to take. Defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

19.     Defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. Defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20.     Defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to Defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21.     Defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that Defendant or any of its related entities have failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 12 of this Plea Agreement, or have otherwise violated any provision of this Plea Agreement, the United States will notify counsel for Defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and Defendant and its related entities will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offense charged in the Indictment. Defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against Defendant or its related entities for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22.     Defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement because of Defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by Defendant, its related entities, or their current or former directors, officers, or employees to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities. In

17

addition, Defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23.     This Plea Agreement constitutes the entire agreement between the United States and Defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and Defendant.

24.     The undersigned is authorized to enter this Plea Agreement on behalf of Defendant as evidenced by the Resolution of the Board of Directors of Defendant attached to, and incorporated by reference in, this Plea Agreement.

25.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26.     A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

DATED:_____

                                          Respectfully submitted,

BY:_____

Nobumasa Kato
Director and Vice President
Maruyasu Industries Co., Ltd.

BY:_____
Frank J. Vondrak
  Chief, Chicago Office
Michael N. Loterstein
  Assistant Chief, Chicago Office
U.S. Department of Justice
Antitrust Division
209 S. LaSalle Street, Suite 600
Chicago, IL 60604
Tel.: 312-984-7200

BY:_____
Christopher M. Curran, Trial Attorney
Admitted *pro hac vice*
ccurran@whitecase.com
Eileen M. Cole (*pro hac vice*)
ecole@whitecase.com
Samuel J. Sharp (*pro hac vice*)
samuel.sharp@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Email: frank.vondrak@usdoj.gov
         michael.loterstein@usdoj.gov

Counsel for Maruyasu Industries Co., Ltd.

DATED:_____

Respectfully submitted,

BY:_____

Nobumasa Kato
Director and Vice President
Maruyasu Industries Co., Ltd.

BY:_____

Christopher M. Curran, Trial Attorney
Admitted *pro hac vice*
ccurran@whitecase.com
Eileen M. Cole (*pro hac vice*)
ecole@whitecase.com
Samuel J. Sharp (*pro hac vice*)
samuel.sharp@whitecase.com

**WHITE & CASE LLP**
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Counsel for Maruyasu Industries Co., Ltd.

BY:_____

Frank J. Vondrak
  Chief, Chicago Office
Michael N. Loterstein
  Assistant Chief, Chicago Office
U.S. Department of Justice
Antitrust Division
209 S. LaSalle Street, Suite 600
Chicago, IL 60604
Tel.: 312-984-7200

Email: frank.vondrak@usdoj.gov
         michael.loterstein@usdoj.gov

19

DATED:

Respectfully submitted,

BY:_____

Nobumasa Kato
Director and Vice President
Maruyasu Industries Co., Ltd.

BY:_____

Christopher M. Curran, Trial Attorney
Admitted *pro hac vice*
ccurran@whitecase.com
Eileen M. Cole (*pro hac vice*)
ecole@whitecase.com
Samuel J. Sharp (*pro hac vice*)
samuel.sharp@whitecase.com

WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Counsel for Maruyasu Industries Co., Ltd.

BY:_____

Frank J. Vondrak
  Chief, Chicago Office
Michael N. Loterstein
  Assistant Chief, Chicago Office
U.S. Department of Justice
Antitrust Division
209 S. LaSalle Street, Suite 600
Chicago, IL 60604
Tel.: 312-984-7200

Email: frank.vondrak@usdoj.gov
       michael.loterstein@usdoj.gov

DATED: 01/16/18

Respectfully submitted,

BY: _____
Nobumasa Kato
Director and Vice President
Maruyasu Industries Co., Ltd.

BY: _____
Christopher M. Curran, Trial Attorney
Admitted *pro hac vice*
ccurran@whitecase.com
Eileen M. Cole (*pro hac vice*)
ecole@whitecase.com
Samuel J. Sharp (*pro hac vice*)
samuel.sharp@whitecase.com

**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Counsel for Maruyasu Industries Co., Ltd.

BY: _____
Frank J. Vondrak
  Chief, Chicago Office
Michael N. Loterstein
  Assistant Chief, Chicago Office
U.S. Department of Justice
Antitrust Division
209 S. LaSalle Street, Suite 600
Chicago, IL 60604
Tel.: 312-984-7200

Email: frank.vondrak@usdoj.gov
         michael.loterstein@usdoj.gov

19