IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:16-cr-64 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Maruyasu Industries Co., Ltd., *et al.*, | : | Order |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendant Maruyasu Industries Co., Ltd.'s Motion to Correct a Clerical Error in the Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure. (Doc. 215.) On June 7, 2018, the Court entered a Judgment against Defendant Maruyasu Industries, Co., Ltd. (hereinafter "Maruyasu" or "Defendant"). Maruyasu now moves the Court to change the Judgment (Doc. 214) to reflect an "Offense Ended" date of December 2008 rather than the currently-listed date of July 9, 2011.

**I.     Law**

Rule 36 provides authority to the Court to correct a judgment due to "clerical error:" "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." A "clerical error" is "a failure to accurately record a statement or action by the court or one of the parties." *United States v. Brown*, 547 F. App'x 150, 152 (3d Cir. 2013) (citing *United States v. Bennett*, 423 F.3d 271, 277–78 (3d Cir. 2005)). "A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (citing *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir.

2004) (quotation omitted)). "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *Id.* (citing *Robinson)*).

## II. Analysis

Pursuant to Federal Rule of Criminal Procedure 32(k)(1), "[i]n a judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence" which is to be signed by the judge and entered by the clerk. In this case, the Judgment form reflects that Defendant pleaded guilty to Count 1 of the Indictment, and states:

The organizational defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 15 U.S.C. 1 | Conspiracy to Restrain Trade | 7/9/2011 | 1 |

(Doc. 2014 at PageID 2587.)

In moving to correct the Judgment, Maruyasu asserts that the "Offense Ended" date should be changed to "December 2008," because that is the date set forth in the Plea Agreement, the Presentence Report, the Court's adopted findings of facts, the plea entered by Maruyasu's corporate representative, and the parties' statements made during the plea and sentencing hearing. The Plea Agreement states:

> On June 15, 2016, a grand jury returned a one-count Indictment against Maruyasu. The Indictment (ECF No. 1) charges Defendant with participating in a conspiracy to suppress and eliminate competition by agreeing to fix prices, allocate customers, and rig bids for automotive steel tubes sold to automobile manufacturers in Japan and incorporated into vehicles sold in the United States in violation of the Sherman Act, 15 U.S.C. § 1. Defendant will plead guilty to that one-count violation of the Sherman Act, not on the basis of the facts alleged in the Indictment in full, but, pursuant to the terms of this Plea Agreement, on the basis of the factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11(b)(3), as set forth in Paragraph 4 below.

(Doc. 210 at PageID 2512.)  Paragraph 4 lists the "relevant period" as being "December 2003 through December 2008."  (*Id*. at PageID 2513.)  The parties described the terms of the Plea Agreement to the Court at the plea and sentencing hearing.  (*See* Transcript, Doc. 213.)

The Government argues that although there is "no dispute" that Defendant admitted only the facts as set forth in Paragraph 4 of the Plea Agreement, the currently-listed date should stand because it is set forth in the Indictment, and the Defendant pled guilty to Count 1 of the Indictment.  It contends that "[b]ecause the Indictment is the operative charging document to which Defendant Maruyasu pled guilty, the Judgment should reflect the conspiracy end date contained therein—July 9, 2011."  (Doc. 216 at PageID 2604.)  However, this position disregards the factual findings to which the parties agreed and the Court adopted in accepting the Defendant's guilty plea.

In addition, the cases cited by the Government to support this position are not directly on point and persuade the Court that the date listed on the Judgment form should be corrected.  *See United States v. Samuels*, 308 F.3d 662, 668 n.1 (6th Cir. 2002) (amending judgment to be consistent with the indictment language which was presented to the jury and on which the conviction was based); *United States v. Love*, 710 F. App'x 351, 357–58 (11th Cir. 2017) (remanding to correct judgment where it incorrectly listed the counts upon which the defendant was indicted and for which she plead guilty); *United States v. Humphries*, 983 F.2d 1058 (Table), 1993 WL 10851, at *2 (4th Cir. 1993) (remanding to correct judgment and commitment order to be consistent with the offense of which the defendant was actually convicted); *United States v. Brown*, No. 1:07-cr-220-04, 2015 WL 6394327, at *2 (W.D. Mich. Oct. 22, 2015) (finding the "offense ended" date listed on judgment was not a clerical error and denying the

3

defendant's request to alter the judgment to reflect the date he was arrested as included in the presence report).

Upon review of the record, the Plea Agreement, and the plea and sentencing hearing transcript, the Court finds that a clerical error in the "Offense Ended" date should be corrected to be consistent with the facts supporting the guilty plea as set forth by the Plea Agreement and parties at the sentencing and plea hearing. Because the Plea Agreement establishes that the relevant time period was "through December 2008," the clerk is directed to file an amended Judgment with the correct "Offense Ended" date of "December 31, 2008."

**IT IS SO ORDERED.**

\_\_\_\_s/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court